UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

UNITED STATES OF AMERICA PLAINTIFF

v. CRIMINAL NO. 5:22-CR-00025-GNS

**ANTHONY JONES** DEFENDANT

**SENTENCING MEMORANDUM ADDENDUM**
*-Filed Electronically-*

The United States of America, by counsel, files this addendum to the previously filed memorandum in support of sentencing in this action currently scheduled for September 27, 2023. The United States supports the sentencing enhancement under 2K2.1(b)(5) for trafficking in firearms and, in support thereof, states as follows:

Jones admitted to obtaining 40 guns over the course of approximately two months with the intention of selling them. He admitted to obtaining them at a discount and driving them to Chicago and Indianapolis where he sold them for cash. Some of the firearms had Glock switches installed that he admitted to having knowledge of and to having possessed.

There is no question that Jones transferred two or more firearms to another individual. What the Defendant now contests is whether he 'knew or should have reasonably known that the conduct would result in the transfer of a firearm to an individual whose possession would be unlawful or who intended to use or dispose of the firearm unlawfully.

In discovery, the United States turned over reports detailing the defendant's firearms trafficking activity. Of note, the defendant admitted to purchasing approximately 40 Glock firearms in a two-month span utilizing his military discount. The defendant admitted to purchasing the firearms for others and told agents he was making approximately $200 per gun. He would drive the guns to a middle-man who would then get them to buyers in Chicago and Indianapolis. These were bulk transfers of firearms across state lines to buyers who paid in cash or sent cashapp payments.

One of the guns the defendant transferred to K.W., an out of state resident, was found with an obliterated serial number and had a Glock switch installed on it. When confronted with evidence that agents knew the defendant was storing guns at K.W.'s house, the defendant said that was true. K.W. is known to law enforcement to be associated with the Gangster Disciples gang. He is also a convicted felon. Of note, two of the firearms purchased by or on behalf of the defendant were used in Gangster Disciples shootings in Chicago that left one person dead, and two others injured.

The defendant also sent Instagram messages to others about his plans to traffic firearms. On September 5, 2020, a user asked the defendant if he had any guns. The defendant responded, "sht prolyl 5 fa da brand new gLocks im flooding da hood ian gon lie." This message is indicative of someone who wants to make firearms readily accessible. On October 23, 2020, a user warned the defendant that he was buying too many guns at a time, and he was going to end up on the ATF's radar. The defendant responded, indicating he wasn't worried. Numerous photographs were also provided in discovery that showed the defendant and another person holding numerous firearms (appearing to be similar to the firearms known to have been purchased by the defendant) and large amounts of US currency alongside the firearms.

A look at Sixth Circuit case law guides the analysis. In *U.S. v. Freeman*, the Court held that the 2K2.1(b)(5) enhancement was appropriate where "the volume of Cummings' gun sales was significant; handguns constituted the largest proportion of the weapons sold; Cummings knew his customers were criminals; and his customers knew the guns were stolen." *U.S. v. Freeman*, 640 F.3d 180 (6th Cir. 2011). In *U.S. v. Torres*, the Court upheld the enhancement because "Torres knew or had reason to believe that the recipients would use or dispose of the funs unlawfully because of the "secretive, street-level nature of the cash sales, the undercover team's comments that they would purchase dirty or stolen guns and their comments about reselling the guns in places like Chicago or down by the border." *U.S. v. Torres*, 644 Fed.Appx. 663 (6th Cir. 2016) (internal quotations omitted).

Other Circuits agree. See *U.S. v. Juarez*, 626 F.3d 246, 252 (5th Ci. 2010) (holding that the fact that the transferee did not wish to be associated with the firearms transactions, the secretive nature of the defendant's dealings with the transferee, and the fact that she was paid $200 above the retail cost of each of twenty-five weapons would give Juarez reason to believe that the firearms were being purchased for an unlawful purpose.) (internal quotations omitted); See also *U.S. v. Mena*, 342 Fed.Appx. 656, 658 (2d Cir.2009) (holding that there was no clear error in the district court's finding that the circumstances of the offense conduct indicate by a preponderance of the evidence that Mena knew or had reason to believe that his delivery of the firearms was to someone or people who intended to use or dispose of the firearms unlawfully where the defendant twice delivered guns in a plastic bag in exchange for cash on a street in Manhattan.) (internal quotations omitted); See also *U.S. v. Garcia*, 635 F.3d 472, 478 (10th Cir. 2011) (holding that the court may rely on common sense inferences drawn from circumstantial evidence when applying a 2K2.1(b)(5) enhancement.)

The totality of the circumstances present in this case weigh in favor of the application of the enhancement. The large number of firearms involved, the secretive nature of the cash dealings, the above-retail price obtained per firearm, the transfer of bulk firearms out of state to be sold in cities known for gang violence, the connection to gang related shootings, and the automatic functionality of several of the firearms, support this conclusion.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*/s/ Leigh Ann Dycus*
Leigh Ann Dycus
Assistant U.S. Attorney
501 Broadway, Suite B29
Paducah, Kentucky 42001
270-816-3354
leigh.ann.dycus@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Counsel of Record.

*/s/ Leigh Ann Dycus*
Leigh Ann Dycus
Assistant U.S. Attorney